1  DENNIS K. BURKE
   United States Attorney
2  District of Arizona
   BRIAN G. SARDELLI
3  Assistant United States Attorney
   United States Courthouse
4  405 W. Congress St., Suite 4800
   Tucson, Arizona 85701
5  Telephone: (520) 620-7300
   E-mail: brian.sardelli@usdoj.gov
6  Attorneys for Plaintiff

```
_____ FILED      _____ LODGED
_____ RECEIVED   _____ COPY

        JUL 1 5 2011

   CLERK U S DISTRICT COURT
      DISTRICT OF ARIZONA
BY_____ DEPUTY
```

7                  UNITED STATES DISTRICT COURT

8                      DISTRICT OF ARIZONA

9   United States of America,            )  No. CR 11-2199-Tuc-CKJ(HCE)
                                         )  Mag. No. 11-2139M(HCE)
10               Plaintiff,              )
                                         )
11          v.                           )  PLEA AGREEMENT
                                         )
12   Roy Daniel Moser,                   )
                                         )  (Fast Track 5K3.1)
13               Defendant.              )
                                         )
14  _____)

15      The United States of America and the defendant agree to the following disposition

16  of this matter:

17                              PLEA

18      The defendant agrees to plead guilty to the Information charging the defendant with

19  a violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I), 1324(a)(1)(A)(ii),

20  and 1324(a)(1)(B)(i), Conspiracy to Transport Illegal Aliens for Profit, a felony.

21                      ELEMENTS OF THE OFFENSE

22      1.  There was an agreement between two or more persons to commit the offense of

23  transporting illegal aliens in violation of Title 8, United States Code, Section

24  1324(a)(1)(A)(ii), that is, there was an agreement that all or some of the co-conspirators,

25  knowing or in reckless disregard of the fact that aliens had come to, entered, or remained

26  in the United States in violation of law, would knowingly transport such aliens within the

United States by means of transportation or otherwise, in furtherance of such violation of law.

2. The defendant became a member of the conspiracy knowing that the object of the conspiracy was the transportation of illegal aliens and the defendant intended to accomplish said object.

3. The defendant committed the offense for the purpose of commercial advantage or private financial gain.

<u>STIPULATIONS, TERMS AND AGREEMENTS</u>

<u>Maximum Penalties</u>

A violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I), 1324(a)(1)(A)(ii), and 1324(a)(1)(B)(i), is punishable by a maximum fine of $250,000.00, or a maximum term of imprisonment of ten (10) years, or both, plus a term of supervised release of three years and a special assessment of $100. The special assessment is due and payable at the time the defendant enters the plea of guilty, and must be paid by the time of sentencing unless the defendant is indigent. If the defendant is indigent, the special assessment will be collected according to Title 18, United States Code, Chapters 227 and 229.

<u>Agreements Regarding Sentence</u>

1. Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the government and the defendant stipulate and agree that the following is an appropriate disposition of this case:

If defendant's Criminal History Category is I, the sentencing range is 0-6 months of imprisonment, in the applicable zone under the Guidelines.

If defendant's Criminal History Category is II, the sentencing range is 4-10 months of imprisonment, in the applicable zone under the Guidelines.

//

2

1      If defendant's Criminal History Category is III, the sentencing range is 6-12 months
2  of imprisonment, in the applicable zone under the Guidelines.

3      If defendant's Criminal History Category is IV, the sentencing range is 10-16 months
4  of imprisonment, in the applicable zone under the Guidelines.

5      If defendant's Criminal History Category is V, the sentencing range is 15-21 months
6  of imprisonment, in the applicable zone under the Guidelines.

7      If defendant's Criminal History Category is VI, the sentencing range is 18-24 months
8  of imprisonment, in the applicable zone under the Guidelines.

9  **This plea agreement is contingent upon the successful guilty pleas of all**
10 **defendants, including, but not limited to Theresa Ninette Phebus and Roy Daniel**
11 **Moser, in 11-2139M(HCE). If any of the co-defendants do not plead guilty in this**
12 **case, the government reserves the right to withdraw from the plea agreement.**

13     2.  The defendant understands and agrees that this plea agreement contains all the
14 terms, conditions, and stipulations regarding sentencing. If the defendant requests or if the
15 court authorizes (a) any downward departure; (b) any reduction of criminal history category
16 which differs from that set forth in the Presentence report; or (c) any other reduction of
17 sentence not specifically agreed to in writing by the parties, the government may withdraw
18 from the plea agreement. If the court departs from the terms and conditions set forth in this
19 plea agreement, either party may withdraw. If the Court, after reviewing this plea
20 agreement, concludes any provision is inappropriate under Rule 11(c)(5), Fed. R. Crim. P.,
21 it may reject the plea agreement, giving the defendant, in accordance with Rule 11(d)(2)(A),
22 Fed. R. Crim. P., an opportunity to withdraw the defendant's guilty plea.

23     3.  Defendant recognizes that pleading guilty may have consequences with respect
24 to the defendant's immigration status if the defendant is not a citizen of the United States.
25 //
26

Under federal law, a broad range of crimes are removable offenses, including the offenses(s) to which defendant is pleading guilty.  Removal and other immigration consequences are subject to a separate proceeding, however, defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status.  Defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

<u>Waiver of Defenses and Appeal Rights</u>

The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the information or indictment or to the Court's entry of judgment and imposition of sentence, provided that the sentence is consistent with this agreement. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack.  The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case.  If the defendant files a notice of appeal or habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement.

//

### Reinstitution of Prosecution

Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by the defendant after the date of this agreement. In addition, if the defendant commits any criminal offense between the date of this agreement and the date of sentencing, the government will have the right to withdraw from this agreement. Any information, statements, documents and evidence which the defendant provides to the United States pursuant to this agreement may be used against the defendant in all such proceedings.

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings. Defendant agrees that the stipulated sentencing ranges set forth under "Agreements Regarding Sentence" will not be offered if prosecution is re-instituted.

### Disclosure of Information to U.S. Probation Office

The defendant understands the government's obligation to provide all information in its file regarding defendant to the United States Probation Office. The defendant fully understands and agrees to cooperate fully with the United States Probation Office in providing all information requested by the probation officer.

### Effect on Other Proceedings

I further understand that if I violate any of the conditions of my supervised release, my supervised release may be revoked. Upon such revocation, notwithstanding any other

//

provision of this agreement, I may be required to serve a term of imprisonment or my sentence may otherwise be altered.

## WAIVER OF DEFENDANT'S RIGHTS

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; all with the assistance of counsel, to be presumed innocent until proven guilty beyond a reasonable doubt, and to appeal.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charge to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence.

My guilty plea is not the result of force, threats, assurance or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney) that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

//

6

1       I am not now on or under the influence of any drug, medication, liquor, or other

2   intoxicant or depressant, which would impair my ability to fully understand the terms and

3   conditions of this plea agreement.

4   **FACTUAL BASIS**

5       I agree that the following facts accurately describe my conduct in connection with

6   the offense to which I am pleading guilty and that if this matter were to proceed to trial the

7   government could prove  these facts beyond a reasonable doubt:

8       On or about May 25th, 2011, both Theresa Ninette Phebus (driver) and Roy
    Daniel Moser (front seat passenger), were stopped by the USBP (United
9   States Border Patrol) at or near Douglas, Arizona in a Ford Explorer. During
    an immigration inspection the USBP found four illegal aliens in the explorer.
10  These illegal aliens have no authority to enter, travel through, or remain in
    the United States.  Two of these illegal aliens have been detained as material
11  witnesses and are listed in the criminal information.  Both Theresa Ninette
    Phebus (driver) and Roy Daniel Moser (front seat passenger) were going to
12  be paid to transport the four illegal aliens further into the United States. Both
    Defendants knew that all four aliens were in the United States illegally.

13

14  7-15-11

15  Date                                    Roy Daniel Moser
                                            Defendant

16  **DEFENSE ATTORNEY'S APPROVAL**

17      I have discussed this case and the plea agreement with my client in detail and have

18  advised the defendant of all matters within the scope of Rule 11, Fed. R. Crim. P., the

19  constitutional and other rights of an accused, the factual basis for and the nature of the

20  offense to which the guilty plea will be entered, possible defenses, and the consequences

21  of the guilty plea, including the defendant's waiver of the right to appeal.  No assurances,

22  promises, or representations have been given to me or to the defendant by the government

23  or by any of its representatives which are not contained in this written agreement. I concur

24  in the entry of the plea as indicated above and on the terms and conditions set forth in this

25  agreement as in the best interests of my client.  I agree to make a bona fide effort to ensure

26  //

the guilty plea is entered in accordance with all the requirements of Rule 11, Fed. R. Crim. P.

I translated or caused to be translated this agreement from English into Spanish to the defendant on the _____ day of _____, 2011.

7/6/11
Date

Ralph Ellinwood
Attorney for Defendant

## GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement.  I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

DENNIS K. BURKE
United States Attorney
District of Arizona

7-15-11
Date

BRIAN G. SARDELLI
Assistant United States Attorney

8